IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA ROLAND STAFFORD,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>               Defendant. | CIVIL ACTION<br>NO. 14-4863 |

**OPINION**

**Slomsky, J.**                                                                                                                          **July 28, 2016**

## I.    INTRODUCTION

Pending before the Court are the Objections of Plaintiff Debra Roland Stafford to the Report and Recommendation of Chief Magistrate Judge Linda K. Caracappa. (Doc. No. 17.) Plaintiff filed a Complaint against Defendant Carolyn W. Colvin, Commissioner of Social Security, seeking review of the final decision of Defendant on Plaintiff's claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f (the "Act"). (Doc. No. 3.) The Court referred the matter to Chief United States Magistrate Linda K. Caracappa for a Report and Recommendation. (Doc. No. 11.) On April 30, 2015, Magistrate Judge Caracappa filed a Report and Recommendation ("R&R"), recommending that Plaintiff's request for review be denied. (Doc. No. 13.) On June 1, 2015, Plaintiff filed Objections to the R&R. (Doc. No. 17.) On June 4, 2015, Defendant filed a Response to Plaintiff's Objections. (Doc. No. 18.)

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the portions of the R&R to which objection has been made. After reviewing the Administrative Record and for reasons that follow, the Court will adopt and approve the R&R in its entirety.

## II.     BACKGROUND

### A. Factual and Procedural History

Plaintiff Debra Roland Stafford applied for Social Security benefits on July 27, 2012, alleging disability due to physical and mental impairments beginning July 24, 2012. (Doc. No. 13 at 1.)  The Social Security Commission denied her request on September 11, 2012. (Administrative Record "R." at 105-09.)  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").  ALJ Richard A. Kelly held a hearing on her claim on March 31, 2014.  At the hearing, the ALJ heard testimony from Plaintiff and Vocational Expert Gary Young.  (R. at 48-77.)  On June 10, 2014, the ALJ issued a decision finding Plaintiff was not under a disability and denying her request for benefits.  (R. at 24.)

Plaintiff is thirty-nine years old and has a ninth grade education.  (R. at 55, 189.)  She has no past relevant work.  (R. at 23.)  She suffers from HIV, hepatitis C, and neuropathy.  (R. at 16, 18.)  She also has a history of treatment for bipolar disorder, crack cocaine dependence, and anxiety.  (R. at 16.)

Plaintiff filed a request for review of the ALJ's decision with the Social Security Appeals Council.  On July 31, 2014, Appeals Officer Elizabeth Pendergrass denied the request for review, making the decision of the ALJ the final decision of the Commissioner.  (R. at 1-6.)  On August 20, 2014, Plaintiff filed the Complaint in this Court, seeking judicial review of the adverse decision of the ALJ.  (Doc. No. 3.)  The Court referred the matter to Magistrate Judge Caracappa for an R&R.  (Doc. No. 11.)  On April 30, 2015, Magistrate Judge Caracappa recommended that Plaintiff's request for review be denied.  (Doc. No. 13.)

On June 1, 2015, Plaintiff filed Objections to the R&R, (Doc. No. 17), which are now ripe for review and a decision.

**B. Relevant Social Security Administration Regulations**

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant bears the burden of proving the existence of a disability and will satisfy this burden by showing an inability to return to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). If she does so, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work experience, she is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. 416.920(f).

When evaluating a disability, the Social Security Administration uses a five-step process, which is followed in a set order:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

3

20 C.F.R. § 404.1520(a)(4)(i)-(v).

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and are decided according to correct legal standards. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (citing Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000)); Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)). The Court must also determine whether the ALJ applied the proper legal standards in evaluating a claim of disability. McHerrin v. Astrue, No. CIV.A. 09-2035, 2010 WL 3516433, at *2 (E.D. Pa. Aug. 31, 2010) (citing Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984)).

**C. The ALJ's Decision**

The Magistrate Judge described the ALJ's findings, based on the evidence presented at the hearing, as follows:

> At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 27, 2012, the application date. (Tr. 16). At step two, the ALJ found that plaintiff's mood disorder and anxiety disorder were "severe" impairments within the meaning of the Regulation. (Tr. 13). In making this determination the ALJ relied upon plaintiff's medical records.
>
> Continuing with the five step analysis, the ALJ moved on to step three. At step three, the ALJ found plaintiff does not have an impairment, or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR § 416.920(d), 416.925, and 416.926). (Tr. 19).
>
> At step four, the ALJ found that plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she is limited to simple and routine tasks, 1-2 step instructions, very little contact with the general public, and only occasional contact with supervisors and co-workers, in a stable work environment. (Tr. 20). The ALJ considered all symptoms and the extent to which the symptoms could reasonably be accepted consistent with the objective medical evidence and other

>   evidence. (Tr. 20). Further, the ALJ considered opinion evidence. (Tr. 20).
>
>   Finally, at step five the ALJ found that plaintiff has no past relevant work. (Tr. 23). However, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 23). Thus, the ALJ determined that plaintiff has not been under a "disability," as defined in the Social Security Act, since July 27, 2012, plaintiff's application date. (Tr. 24).

(Doc. No. 13 at 4-5.) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

## III. DISCUSSION

Plaintiff has made two Objections to the R&R. (Doc. No. 17.) First, Plaintiff objects to the Magistrate Judge's conclusion that her HIV, hepatitis C, and neuropathy are non-severe impairments. (Id. at 2.) Second, Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err in his residual functional capacity ("RFC") determination. (Id. at 5.) The Court will discuss each Objection seriatim.[1]

### A. The Magistrate Judge Properly Concluded that the ALJ's Conclusion at Step Two Was Supported by Substantial Evidence

Plaintiff first argues that the Magistrate Judge's classification of her HIV, hepatitis C, and neuropathy as non-severe impairments was incorrect. (Doc. No. 17 at 2.) Plaintiff insists that the ALJ erred by finding Plaintiff's impairments were not severe because this finding was not supported by substantial evidence in the record. (Id. at 4-5.)

According to Plaintiff, the ALJ did not give sufficient consideration to medical records and testimony that established that Plaintiff suffered from fatigue, yeast infection symptoms, stomach pains, upper respiratory infections, and foot pain. (Doc. No. 17 at 3.) Plaintiff asserts

---

[1] In her Response to Plaintiff's Objections, Defendant notes that Plaintiff's objections "essentially repeat her previous arguments" and states, "because these issue[s] have already been fully presented to the Court, the Commissioner relies upon the reasoning set forth in the R&R, . . . the Commissioner's brief, . . . and the ALJ's decision." (Doc. No. 18 at 2-3.)

5

that her testimony, along with the rest of the evidence, "demonstrates more than slight abnormalities, which when considered in their totality, would have more than a minimal effect on Plaintiff's ability to work." (Id.) Plaintiff contends that the ALJ violated SSR 96-7p—which requires that the ALJ consider symptoms in reaching a credibility determination—because the ALJ merely made a "blanket statement" that he had considered Plaintiff's testimony.[2] (Doc. No. 17 at 6.)

As Magistrate Judge Caracappa noted, a claimant bears the burden of proving that she suffers from "a medically severe impairment or combination of impairments" at Step Two of the analysis. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). An impairment is considered severe when it is "of a magnitude sufficient to limit significantly the individual's 'physical or mental ability to do basic work activities.'" Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982) (quoting 20 C.F.R. § 404.1520(b)). Basic work activities include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 404.1521(b)(1). An impairment is not severe if it does not significantly limit or has only a minimal effect on a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1521(a), 416.921(a). The Third Circuit has stated the following with regard to the Commissioner's decision at Step Two:

---

[2] SSR 96-7p states, in relevant part:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

In short, "[t]he step-two inquiry is a de minimis screening device to dispose of groundless claims." Id. at 546; accord McDonald, 795 F.2d at 1123. Due to this limited function, the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny. We do not suggest, however, that a reviewing court should apply a more stringent standard of review in these cases. The Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole.

McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360-61 (3d Cir. 2004).

After a careful review of the Record, the Magistrate Judge concluded that substantial evidence supported the ALJ's determination that Plaintiff's HIV, hepatitis C, and neuropathy were not severe impairments.[3] (Doc. No. 13 at 10.) With regard to medical records and

---

[3] The Magistrate Judge cited the following portion of the ALJ's analysis:

> December 2010 through March 2014 records indicate that the claimant has HIV and hepatitis C but is asymptomatic (Exhibits B2F, B3F, B5F, B9F, Bl1F, B12F, B14F, and Bl7F). In July 2012, the claimant complained of fatigue but this is not otherwise noted in the record. The records also state that the claimant was well nourished and her neurological and psychiatric examinations were normal (The claimant was 5 feet tall and weighed 136 pounds). In July 2012, the claimant also stated that she had been clean from substance abuse for one year, following outpatient rehabilitation for drug abuse in September 2011 (Exhibit B3F). The claimant was treated with medication with no adverse side effects. Her ultrasound and lab studies have been stable and she does not have any consistent complaints of weight loss, fatigue, nausea, or any opportunistic disease or infection resistant to treatment. Moreover, her physical and mental status examinations have been essentially within normal limits (Exhibit Bl7F). A July 2013 ultrasound of the abdomen was normal (Exhibit B14F). The claimant also cancelled many scheduled appointments in 2012-2013 and her blood studies, when she did attend her appointments indicate that she was stable with HIV viral loads at less than 20, CD4 more than 200, and HCV viral load generally in the upper 400,000 range. The records also indicate that her weight was stable. February 6, 2014 records state that the claimant had "no pain." (Exhibit Bl7F). Therefore I find that these are not severe impairments because they do not result in any significant functional restrictions.
>
> The claimant also complained of foot pain on September 10, 2013 but it is not mentioned elsewhere in the record (Exhibit B16F). Although the claimant was diagnosed with neuropathy, this was based on her subjective complaints of numbness into both feet because her neurological examinations have been normal

testimony, the Magistrate Judge stressed that Plaintiff was described as well-nourished and "doing well."  (Doc. No. 13 at 9.)  Because Plaintiff's medical records contained "limited remarks of illnesses" and provided substantial evidence that Plaintiff's HIV, hepatitis C and neuropathy did not "create significant limitations on [her] ability to perform work related activities," the Magistrate Judge accepted the ALJ's conclusion that Plaintiff's testimony regarding the limiting effects of her symptoms was "not entirely credible."[4]  (Doc. No. 13 at 10.)  The Court agrees that the ALJ's finding at Step Two was supported by substantial evidence. Thus, Plaintiff's first Objection will not be sustained.

### B. The Magistrate Judge Properly Concluded that the ALJ Did Not Err in His RFC Finding

Plaintiff's second Objection concerns the finding made by the ALJ regarding Plaintiff's residual functional capacity ("RFC").  Plaintiff claims that the ALJ erred by failing to consider medical evidence and Plaintiff's subjective complaints in determining Plaintiff's RFC.  Again, Plaintiff argues that the ALJ disregarded the requirement that he consider symptoms in reaching a credibility determination.  See SSR 96-7.  According to Plaintiff, the Magistrate Judge should

---

> (Exhibits Bl7F and B18F).  Moreover, follow-up records dated March 11, 2014 state that the claimant was not compliant with taking her medication (Exhibit B14F).
>
> Regarding the claimant's alleged physical impairments, the claimant only testified to occasional toe pain at night.

(Doc. No. 13 at 7-8 (quoting R. at 18-19).)  With respect to Plaintiff's upper respiratory issues, the Magistrate Judge noted that medical records of pulmonary examinations indicated that Plaintiff's breathing sounds were normal.  (Id. at 9.)

[4] The ALJ concluded, "In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . ."  (R. at 20.)  Ultimately, the ALJ found that Plaintiff's symptoms were "not entirely credible" for reasons noted above.  (R. at 21.)

have found that the ALJ erred by concluding that Plaintiff could perform a full range of work at all exertional levels.

The Magistrate Judge was correct to conclude that the ALJ did not err with regard to Plaintiff's RFC. "An ALJ may reject a claimant's subjective testimony that is not found credible so long as there is an explanation for the rejection of the testimony." Burnside v. Colvin, No. 3:13-CV-2554, 2015 WL 268791, at *14 (M.D. Pa. Jan. 21, 2015) (citing SSR 96-7).

Regarding this argument, the Magistrate Judge stated that "the ALJ considered the medical evidence, physicians' opinions, and plaintiff's subjective complaints and made accommodations for them in determining plaintiff's residual functional capacity." (Doc. No. 13 at 11-12.) The Magistrate Judge further noted that, in making a RFC determination, the ALJ was "only required to include limitations credibly established by medical evidence and not every limitation alleged." (Id. at 12.) Indeed, as discussed above, the ALJ thoroughly reviewed the evidence, including Plaintiff's symptoms. He explained his reasons for finding Plaintiff's testimony to be "not entirely credible," including that her medical records contained limited references to illnesses. Thus, the ALJ's credibility determination did not constitute a "blanket statement" in violation of SSR- 96-7p, and Plaintiff's second Objection lacks merit.

## IV. CONCLUSION

Plaintiff's Objections to the Report and Recommendation filed by Magistrate Judge Caracappa are overruled. The Report and Recommendation is approved and adopted.

An appropriate Order follows.